IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHET THEPHITHACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 12-398-KD-M |
| ) | |
| ALLSTATE INDEMNITY COMPANY ) | ORAL ARGUMENT REQUESTED |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

In this Motion for Partial Summary Judgment, Allstate is asking the Court to find that the *dictum* contained within Judge Lockett's Order on the Interpleader action dated January 25, 2012[1], is not dispositive on the issue of what, if any, amount is owed the Plaintiff under Allstate's UIM Policy. This Motion for Partial Summary Judgment is based on the fact that Judge Lockett's Order does not make the Plaintiff "legally entitled to recover" punitive damages against a non-party, Rachel White. Allstate is not saying the Plaintiff does not have the right to have her day in court to determine appropriate damages, but that determination must be the result of an action in which the fact-finder considers the totality of the evidence from both the Plaintiff, the tortfeasor, and Allstate. Partial Summary judgment is proper because, contrary to the Plaintiff's position, as a matter of law the *dictum* in Judge Lockett's Interpleader Order does not amount to a judgment against the tortfeasor or Allstate, neither of which were parties to the Interpleader action.

---

[1] Judge Lockett's Order, January 25, 2012, Exhibit D.

1

## UNDISPUTED FACTS

1.     The underlying Interpleader action was initiated solely for the purpose of having the Court equitably determine how the interpleaded funds should be distributed amongst the claimants.[2]

2.     The non-binding *dictum* contained in Paragraph 13 of Judge Lockett's order did not concern any issue currently before his Court.[3]

3.     Allstate and the tortfeasor were not parties to the Interpleader action and had no standing to be a party because neither had a right to seek any recovery of interpleaded funds, which was the sole purpose of the Complaint in Interpleader filed in Judge Lockett's court.[4]

4.     Further, Allstate had no reason to intervene in the Interpleader action because Allstate had no interest in the interpleaded funds.[5]

5.     This suit grows out of a claim for underinsured motorist benefits as a result of a motor vehicle accident that occurred on April 25, 2010.[6] Plaintiff was a passenger in a small bus carrying a group of relatives and friends to Biloxi, Mississippi The tortfeasor, Rachel White, caused an accident when the vehicle she was operating struck the Plaintiff's bus.[7] First Acceptance Insurance Company, Inc. ("First

---

[2] First Assurance Insurance Company, Inc.'s Complaint in Interpleader, November 5, 2010, ¶ 27, attached as Exhibit E.
[3] Ex. D, ¶ 13.
[4] Ex. D, Caption, ¶ 18, 19; Ex. E.
[5] Ex. D; Ex. E.
[6] Complaint, Exhibit A; Answer of Allstate Indemnity Company, June 15, 2012, ¶ 3, Exhibit B.
[7] Defendant's Response to Request for Admissions, # 11, Exhibit I; Defendant's Responses to Plaintiff's Interrogatories, # 6, Exhibit J.

Acceptance") insured Brian Drake and Rachel White in the accident.[8] The policy provided $50,000.00 of bodily injury liability coverage.[9]

6.     There were 11 occupants in the bus who had potential claims against Brian Drake (vehicle owner) and/or Rachel White (vehicle driver).[10] Because the total insurance coverage available under the policy of insurance issued by First Acceptance was $50,000.00, First Acceptance moved the Court allowed the insurance carrier to interplead the insurance proceeds and let the Court decide how much each claimant would receive from the proceeds.[11] First Acceptance filed its "Complaint in Interpleader" on or about November 5, 2010, pursuant to Rule 22, Ala.R.Civ.P., interpleading the limits of the automobile liability insurance policy covering Brian Drake and Rachel White.[12]

7.     It is very important to note that neither Drake nor White were parties to the Interpleader action as the purpose of the Interpleader action was to have the Court apportion among the claimant defendants the amount to which they would each be entitled from the limited insurance proceeds.[13] In the Order issued in the Interpleader action, the Court divided the proceeds by pro-rata share among the claimants.[14] The Judge also stated, in *dictum*, "The Court finds that due to the extremely reckless conduct of First Acceptance's Insured, her wantonness would warrant a punitive damage award in the amount of $450,000.00."[15] This statement is *dictum* because the Complaint in Interpleader was solely for the purpose of having the Judge equitably divide the limited

---

[8] Ex. E, ¶ 22, 24.
[9] Ex. E, ¶ 22; Ex. F.
[10] Ex. A, pg. 1.
[11] Ex. D; Ex. D.
[12] Ex. E.
[13] Ex. D; Ex. E.
[14] Ex. D, ¶ 14.
[15] Ex. D, ¶ 13.

insurance proceeds interpled by First Acceptance (and GEICO in their Answer). Neither Brian Drake nor Rachel White were parties to the action, nor was there ever any pleading filed by First Acceptance seeking to have the Court determine punitive damages against its own insured.

8.      It is Allstate's position that the Plaintiff received relatively minor injuries as a result of this accident. She was treated initially at Infirmary West and released with a diagnosis of a contusion to her right leg.[16] She was given prescriptions for Flexiril and Ultram for pain.[17] Three days later she began seeing a chiropractor where she underwent chiropractic treatment for pain in her cervical, thoracic, and lumbar areas.[18]

9.      Plaintiff has previously been paid the sum of $10,937.50 pursuant to the Interpleader action filed by First Acceptance in which it and GEICO Insurance Company interpled a total of $70,000 to be equitably divided among the 11 passenger claimants.[19] She now has the right to have a jury determine what amount, if any, she is owed in underinsured motorists' benefits. That is a question of fact to be gleaned from the totality of the evidence and cannot be based on *dictum* in an interpleader action in which Allstate was not a party and in which Allstate had no interest in the interpled funds.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, shows no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *Greenberg v. BellSouth Telecomm., Inc.*, 498 F .3d 1258,

---

[16] Ex. C, ppg. 34-35, 53-54.
[17] Ex. C, pg. 62.
[18] Ex. C, ppg. 36, 40, 62.
[19] Ex. D, pg. 14.

1263 (11th Cir.2007); *Fed.R.Civ.P.*, Rule 56(c)(Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324; *Fed.R.Civ.P.*, 56(e)(2)("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").

Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322.

### PARTIAL SUMMARY JUDGMENT IS DUE TO BE GRANTED BECAUSE JUDGE LOCKETT'S ORDER DOES NOT MAKE THE PLAINTIFF LEGALLY ENTITLED TO RECOVER FROM THE NON-PARTY TORTFEASOR

Partial summary judgment is proper because Judge Lockett's Order in the Interpleader action does not make the Plaintiff legally entitled to recover from the non-

party tortfeasor. The court must remember that Judge Lockett's Order, upon which the Plaintiff relies in support of her damage claim, was entered in a state court interpleader action wherein the only issue was for the court to determine how interpled funds would be equitably divided among the many claimants. It must also be remembered that the tortfeasor, Rachel White, was not a party to that action and there is nothing in the Interpleader Complaint which sought a determination of punitive damages against a non-party. Certainly, the Plaintiff could not seek to attach assets or garnish wages from the non-party tortfeasor based on *dictum* contained in Judge Lockett's order.

Further, Ala. Code 1975 § 32-7-23 provides that the definition of an uninsured motor vehicle shall include motor vehicles which "the sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is **legally entitled to recover**". The policy of insurance issued by Allstate tracks the statue by stating that "… we will pay damages an insured person is **legally entitled to recover from the owner or operator** of an uninsured auto because of: bodily injury sustained by an insured." (Emphasis added).[20]

In *Kendall v. United Services Auto. Ass'n.*, 23 So.3d 1119, 1122 (Ala.2009) the court explained that the meaning of the term "legally entitled to recover" as used in the uninsured motorist statute, should be accorded a "plain - meaning interpretation". The Court explained that the language of the uninsured motorist statute is plain and unambiguous when it requires a finding that the uninsured motorist carrier is liable only when the insured is shown to be "legally entitled to recover" from the uninsured or underinsured motorist. In this case, the Interpleader does not make Plaintiff legally

---

[20] Allstate Certified Policy, pg. 13, Exhibit F.

entitled to recover against the non-party, Rachel White, because the issue of White's liability was not properly before Judge Lockett's Court.

In *Nationwide Mut. Fire Ins. Co. v. Austin,* 34 So.3d 1238 (Ala.2009) the court ruled that the amount actually awarded by the jury was the measure of damages in a UIM case. The court stated:

> In any event, the only actual measure of "damages ... due by law" from Horton to the Austins that has been established in this case is the measure that the jury actually awarded. It is necessarily with respect to such ascertained "damages" that the policy provisions at issue must operate.

*Id.* at 1245.

The court in *Lowe v. Nationwide Ins. Co.,* 521 So.2d 1309 (Ala.1988) stated the issue as follows:

> Counsel for the appellants aptly states the issue presented: "Whether an insured may file a claim for underinsured motorist coverage against his or her own insurer in the same lawsuit with the insured's claim against the alleged underinsured motorist and litigate all the issues in one proceeding. Put another way, must a motorist covered by a valid automobile liability policy of insurance, including uninsured motorist coverage, first sue the alleged negligent motorist and obtain a judgment prior to asserting a claim for underinsured motorist coverage?"

The court then went on to explain that a procedure would be put in place which would provide the parties with proper protection. The Alabama Supreme Court sought to balance three essential considerations in determining how the procedure would operate:

> Three separate, underlying considerations are essential to our disposition of this first-impression case: 1) that of protecting the right of the insurer to know of, and participate in, the suit; 2) that of protecting the right of the insured to litigate all aspects of his claim in a single suit

> ("Separate trials of the same issues and facts are a waste of time and money, and should be avoided if possible," *Wall v. Hodges*, 465 So.2d 359 (Ala.1984)); and 3) that of protecting the liability phase of the trial from the introduction of extraneous and corrupting influences, namely, evidence of insurance. *Robins Engineering, Inc. v. Cockrell*, 354 So.2d 1 (Ala.1977).

*Id.*

Thus, the procedure put in place by the Alabama Supreme Court is explained as follows:

> We believe that each of the three relevant considerations can be accommodated in a manner substantially as suggested by the parties: A plaintiff is allowed either to join as a party defendant his own liability insurer **in a suit against the underinsured motorist** or merely to give it notice of the filing of the action **against the motorist** and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide either to intervene or to stay out of the case. The results of either choice parallel those set out above-where the insurer is joined as a party defendant. Whether the choice is timely made is left to the discretion of the trial court, to be judged according to the posture of the case. In either event, the trial court could then fashion its judgment accordingly.

*Id.* at 1310 (emphasis added).

The Plaintiff is treating the Interpleader action as if it contains a judgment for her against a tortfeasor motorist, which is clearly not the case. In those circumstances, if the underinsured motorist carrier is put on notice of the suit against the tortfeasor, and a

judgment is entered against the tortfeasor motorist, then the uninsured motorist insurer can be bound by the judgment against the tortfeasor motorist. That is because the judgment against the tortfeasor means that the Plaintiff is "**legally entitled to recover against the underinsured motorist**". That is why an uninsured motorist carrier may legally intervene in the suit against the tortfeasor, in order to protect itself against a situation where the tortfeasor may not properly develop the case and/or may not put up a proper defense.

Unlike *Lowe* and its progeny, the facts of this case show undisputedly that Judge Lockett's Order involved a Complaint in Interpleader where the claimants were fighting over how much each claimant should recover from the interpled funds. It was not a suit against the tortfeasor for money, nor was the tortfeasor even a party. Therefore, Alabama law, despite the implications in her Complaint, does not deem a Plaintiff "legally entitled to recover" against a tortfeasor based

### DICTUM IN JUDGE LOCKETT'S ORDER IS NOT BINDING ON THIS COURT

Simply stated, language in Judge Lockett's Order related to liability and punitive damages is nothing more than *dictum* and would under no circumstances be construed as an order allowing Plaintiff to be "legally entitled to recover" punitive damages against the non-party tortfeasor. See *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) ("All statements that go beyond the facts of the case…are dicta"). Because the Interpleader action was for the sole purpose of equitably dividing the interpled funds, Judge Lockett's *dictum* about unrelated matters is not binding for any purpose and could never give rise to a right of the Plaintiff to "recover" any money whatsoever from the

tortfeasor. See *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 351 n. 12, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005) ("Dictum settles nothing, even in the court that utters it."); *Knight v. State*, 142 So. 2d 899 (Ala.1962) (proposition stated in prior opinion not necessary to decision thereof is "*dictum*" and is not controlling as precedent); *Adair v. Adair*, 258 Ala. 293, 62 So. 2d 437 (Ala.1952) (statement in Alabama Supreme Court opinion which purported to decide issue not presented was "*dictum*" and not binding on the courts); *Newton v. City of Tuscaloosa*, 251 Ala. 209, 36 So. 2d 487 (Ala.1948) (where statement in Alabama Supreme Court's opinion was not germane to matters there involved, it was purely obiter *dictum*).

## ALLSTATE IS NOT PRECLUDED FROM LITIGATING THE ISSUES BEFORE THIS COURT

Partial Summary Judgment is also due to be granted because giving Judge Lockett's dicta preclusive effect would be in violation of the well-established doctrines of res judicata and collateral estoppel. Although Plaintiff has not specifically pled issue or claim preclusion, giving Judge Lockett's Order preclusive effect on issues and claims in this case falls under the realms of res judicata and collateral estoppel. Judge Lockett's statement that the insured's conduct "would warrant a punitive damage award in the amount of $450,000" does not constitute a final judgment on the merits binding this Court on the unlitigated issues of liability and damages. Precluding the tortfeasor and Allstate from litigating these issues falls under the realm of res judicata/collateral estoppel, neither of which apply here. Essentially, the two actions were filed to resolve two entirely distinct causes of action.

## **RES JUDICATA DOES NOT APPLY**

In considering whether to give preclusive effect to state-court judgments under res judicata, the federal court must apply the rendering state's law of preclusion. *Cmty. State Bank v. Strong*, 651 F.3d 1241 (11th Cir. 2011) cert. denied, 133 S. Ct. 101, 184 L. Ed. 2d 22 (2012); *see also New Port Largo, Inc. v. Monroe County*, 95 F.3d 1084, 1089 (11th Cir. 1996) ("The preclusive effect of state judgments in federal court is determined, in the first instance, according to principles of state law"). A federal court gives no greater preclusive effect to a state-court judgment than the state court itself would do. *Johnson v. De Grandy*, 512 U.S. 997, 1005, 114 S. Ct. 2647, 2654, 129 (1994).

Under Alabama law, res judicata requires (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) that the same cause of action was or could have been presented in both actions. *Duke v. Nationstar Mortg., L.L.C.*, 2:12-CV-00157-AR, 2012 WL 3852121 (N.D. Ala. Aug. 30, 2012) citing *Equity Res. Mgmt., Inc. v. Vinson*, 723 So.2d 634, 636 (Ala.1998).

Elements (1), (3), and (4) cannot be met by the Plaintiff in this case. First, the prior action dealt exclusively with the proper and equitable distribution of interpled funds among the various claimants. Therefore, Judge Lockett's Order is not a judgment against anyone for $450,000. As a result, the first element is not met.

Neither the tortfeasor nor Allstate were parties or had substantial identity to the parties in the Interpleader action as required by the third element. This element requires a determination that the lawsuits in question are between the **same parties** or those in privity with them. *See Century 21 Preferred Props., Inc. v. Alabama Real Estate*

*Comm'n*, 401 So. 2d 764 (Ala. 1981). It is undisputed the tortfeasor and Allstate were not parties in the Interpleader action.

But neither were they in privity with the prior parties. Privity is often deemed to arise from (1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; or (3) an identity of interest in the subject matter of litigation. *See Stewart v. Brinley*, 902 So. 2d 1, 10-11 (Ala. 2004). Neither the tortfeasor nor Allstate satisfy any of the three elements.

"To support a finding of virtual representation and, thus, privity when determining whether an action is precluded by res judicata, a court ordinarily must find that parties in the earlier action were in some sense proper agents for the latter parties so as to support preclusion of the latter claim; such an agency relationship may arise, for example, where the party in the first suit had some obligation to safeguard the interests of the party to the second suit." *Morris v. Cornerstone Propane Partners, L.P.*, 884 So. 2d 796 (Ala. 2003). There was no such "virtual representation" in the Interpleader action. Neither First Assurance nor GEICO had any obligation or reason to safeguard the interests of the tortfeasor or Allstate. They merely interpled their funds to the Court and sat back while Judge Lockett determined an equitable distribution to the claimants. The degree of the tortfeasor's liability and whether punitive damages were just was of no concern to the parties. Therefore, there was no identity of interest in the litigation between First Assurance/GEICO and the tortfeasor/Allstate.

The last element of res judicata requires the determination of whether the cause of action is the same in two separate suits depends on whether the issues in the two actions are the same and whether the same evidence would support a recovery for the plaintiff in

both suits. Stated differently, the fourth element is met when the issues involved in the earlier suit comprehended all that is involved in the issues of the later suit. *See Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 726 (Ala. 1990) (action not barred by res judicata when first suit involved only questions of negligence, and second suit was a contract action on an insurance policy, and thus the two actions were based on different theories, involved different plaintiffs, and required different evidence to entitle plaintiffs to recover). The Interpleader action involved only the question of how to best equitably divide a finite amount of interpled funds. The parties in this action, by virtue of their divergent interests from the Interpleader parties, will present evidence and argue legal theories not considered in the first action. Therefore, the fourth element is not met.

The tortfeasor and Allstate were not parties to the Interpleader action. Even if they had wanted to intervene, they lacked the standing to do so as they had no interest in the results. The Interpleader action was initiated and adjudicated for the sole purpose of distributing First Assurance (and later GEICO's) funds. To now hold Allstate, as a non-party to the first action, bound to Judge Lockett's *dictum* would unjustly expose them to damages they had no opportunity to defend against. Such a result is not allowed under Alabama law or the Constitution, so Allstate is due partial summary judgment as to Plaintiff's claim that she is legally entitled to recover UIM proceeds from Judge Lockett's Order.

## COLLATERAL ESTOPPEL DOES NOT APPLY

A subset of res judicata is collateral estoppel, which concerns "issue preclusion". Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. *Adams v. Carpenter*, 566 So. 2d 236, 242 (Ala. 1990). For the

doctrine of collateral estoppel to apply, the following elements must be established: (1) that an issue in a prior action was the same as the issue litigated in the present action, (2) that the issue was actually litigated in the prior action, (3) that resolution of the issue was necessary to the prior judgment, and (4) that the same parties are involved in the two actions. *Stewart v. Brinley*, 902 So. 2d 1, 10 (Ala. 2004). If these elements are present, the prior judgment is conclusive to those issues determined in the prior suit. *Adams*, 566 So. 2d at 242. However, the elements are not satisfied here, so the issues of the tortfeasor's liability and potential damages owed by her and Allstate are not precluded.

The issues in the present action are not the same as in the Interpleader action. As established above, the Interpleader action was pursued for one very narrow purpose, the proper distribution of National Assurance and GEICO's interpled [UIM?} funds. The tortfeasor's negligence, level of scienter, and potential punitive damages owed were not properly before the Court. Only issues *actually decided* in a former action are subject to collateral estoppel. *Lee L. Saad Const. Co., Inc. v. DPF Architects, P.C.*, 851 So. 2d 507, 520 (Ala. 2002). Therefore, the issues now before the Court are different from the those addressed in the previous action and were not litigated. The first two conditions are not satisfied.

Further, resolution of the tortfeasor's potential liability, level of scienter, and punitive damages was not necessary to Judge Lockett's judgment. The Court's only duty in the Interpleader action was to consider evidence of the claimants' various injuries and decide an equitable way to split up the interpled funds. Determinations on the tortfeasor's potential wantonness and punitive damages were not needed to equitably distribute the funds.

As established above, the same parties (or parties in privity) are not involved in the two actions. Both the tortfeasor and Allstate had no standing to intervene in the Interpleader action as their interests were not at issue. Further, no party to the previous action had reason to defend the interests of the tortfeasor and Allstate.

## CONCLUSION

Allstate is due partial summary judgment as a matter of law for several reasons. An insured must be "legally entitled to recover" under Alabama law and Allstate's Policy before Allstate is obligated to pay UIM benefits. Judge Lockett's Order is clearly insufficient to make Plaintiff "legally entitled to recover". Further, any issue discussed by Judge Lockett in his Order on the Complaint in Interpleader that did not fit within the narrow confines of the pleaded subject matter is *dictum* and non-binding on this Court.

To preclude the tortfeasor and Allstate from litigating the issues of liability and damages would deprive them of their right to a fair trial and be in violation of res judicata and collateral estoppel. The Plaintiff is relying on *dictum* in a state court Interpleader order for the proposition that the tortfeasor and Allstate owe $100,000 in UIM proceeds. Such a proposition is not allowed under Alabama law. Therefore, Allstate moves this Court for Partial Summary judgment for the reasons set forth above.

/s/ *M. Keith Gann*
M. Keith Gann  (ASB-9423-n52m)
HUIE, FERNAMBUCQ AND STEWART, LLP
Three Protective Center
2801 Highway 280 South
Birmingham, Alabama 35223
Telephone: (205) 251-1193
Fax: (205) 251-1256
kgann@huielaw.com

*s/ Charles J. Fleming*
Charles J. Fleming  (ASB-2472-I51C)
FLEMING & CHAVERS
169 Dauphin Street, Suite 300
Mobile, Alabama 36602
Telephone:  (251) 251-432-4070
Fax: (251) 432-4074
cjf@fclegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** has been Electronically served upon:

James J. Dailey, Esq.
1206 Dauphin Street
Mobile, Alabama 36604

on February 19, 2013February 19, 2013.

*s/ M. Keith Gann*
Of Counsel