IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHET THEPHITHACK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00398-KD-M |
| | ) | |
| ALLSTATE PROPERTY AND CASUALTY | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. 40) and Plaintiff's Response (Doc. 42) in opposition.  Upon consideration, the Court finds that the motion is due to be **DENIED without prejudice** but that Plaintiff must again amend her claim.

In its Order denying the parties' cross-motions for summary judgment, the Court found that Plaintiff "ha[d] not sufficiently pled a direct action [for uninsured/underinsured motorist coverage] against" Defendant in her initial Complaint and that her claim for uninsured/underinsured motorist coverage "merely restate[d] [her] breach-of-contract claim[,]" which the Court found was premature.  (Doc. 38 at 14-15).  Accordingly, the Court ordered Plaintiff to "file an amended complaint that adequately claims a direct action for UM/UIM coverage" against Defendant under Alabama law.  (Id. at 16).  Plaintiff's Amended Complaint (Doc. 39) omitted her previous counts for bad faith and breach of contract, leaving only one count entitled "Uninsured Motorist," which reads:

> 8. Plaintiff had an insurance contract with Defendant which provided for underinsured motorist benefits if plaintiff was injured by an underinsured motorist.

9. After plaintiff made a claim for UIM benefits with Defendant, Defendant denied plaintiff's claims for benefits under the UIM insurance contract between defendant and plaintiff.

10. Defendant, has breached the UIM contract between plaintiff and defendant.

11. Plaintiff is due UIM benefits under UIM contract with defendant.

WHEREFORE, plaintiff demands damages against the defendant for compensatory and punitive damages.

(Doc. 39 at 3).

In its present motion, Defendant argues that this sole count does not in fact state a claim for uninsured motorist coverage but instead "is again in the nature of a claim for 'breach of contract . . . which this Court has clearly addressed as being improper under Alabama law.' " (Doc. 40 at 3-4, ¶¶ 5-6).  Thus, Defendant argues, the Amended Complaint is due to be dismissed for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

In opposition, Plaintiff cites to the Alabama Pattern Jury Instruction regarding a claim for uninsured motorist insurance coverage.  That instruction states, in relevant:

Ladies and gentlemen of the jury, this case is based on a policy of insurance in which the defendant insurance company issued to the plaintiff a policy of automobile liability insurance which contained a provision affording what is commonly known as uninsured motorist coverage. The plaintiff's complaint contains the following averments, namely:

1 That the defendant insurance company issued a policy of automobile liability insurance coverage which afforded uninsured motorist coverage and that said policy was in full force and effect on the ___ day of _____, the date of the alleged accident;

2 That on said date the plaintiff was injured by the operation of the motor vehicle (owned) or (operated) by _____ ;

3 That the said _____ on the occasion of the accident had no liability insurance coverage;

4 That the plaintiff is legally entitled to recover damages of the said _____. The term "legally entitled to recover damages of the said _____" means: the plaintiff

must establish fault on the part of the said _____ which gives rise to damages and must prove the extent of those damages.

The specific charge of "fault" on the part of _____ as alleged by the plaintiff is: (here state the charge of negligence or wantonness and define those terms.) . . .

. . . Since the defendant has denied the material averments of the complaint the burden is on the plaintiff to reasonably satisfy you of the truthfulness of each of those averments, namely:

(1) The policy was issued and was in force on the day of the accident.

(2) That the plaintiff was injured by the operation of a vehicle by _____, who was an uninsured motorist.

(3) That the said _____ is legally responsible for said injuries.

(4) The extent of plaintiff's injury and damage . . .

1 Ala. Pattern Jury Instr. Civ. 20.50 (3d ed.).

The Court must agree with Defendant's assertion that Plaintiff has again stated a claim for breach of contract rather than for uninsured/underinsured motorist benefits.[1]  Based on the above-quoted Pattern Jury Instruction, Plaintiff is correct that "failure to prove a contract/insurance policy is fatal to a UIM claim."  (Doc. 42 at 2, ¶ 4).  However, the Pattern Jury Instruction says nothing about proving breach of that policy in order to be successful on an uninsured motorist coverage claim.

Moreover, Plaintiff has failed to allege other stated elements from the Pattern Jury Instruction anywhere in her Amended Complaint.   She does not allege that her uninsured/underinsured motorist policy with Defendant was in full force and effect at the time of the subject car accident.   She does not allege that the alleged tortfeasor was uninsured or underinsured at the time of the accident.[2]  She also does not allege that she is legally entitled to

---

[1] In fact, the Court finds the sole count in the Amended Complaint to be substantially similar to the defective uninsured motorist coverage claim in the original Complaint (Doc. 1-1 at 27).

[2] Rather, Plaintiff simply alleges that the money she received in the underlying state (Continued)

recover damages from the alleged tortfeasor.[3]

"Under Federal Rule of Civil Procedure 15(a), a court should give leave to amend freely when justice so requires.  Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.  The district court, however, need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (citations and quotations omitted). Moreover, "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend."  Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (on plaintiff's appeal of the dismissal of his case pursuant to Rule 12(b)(6)).  Additionally, "[w]hether to dismiss a complaint for failure to comply with an order of the court is a matter committed to the district court's discretion."  Equity Lifestyle Properties, Inc. v. Florida Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 n.14 (11th Cir. 2009) (citing Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999)).

It is true that the Court has already given Plaintiff an opportunity to cure her deficient claim for uninsured/underinsured motorist benefits against Defendant under Alabama law and

---

interpleader action was insufficient to compensate her for her injuries.  Plaintiff also appears to assert that it is she, rather than the alleged tortfeasor, who is the underinsured motorist.  (See Doc. 39 at 2, ¶ 7 ("Plaintiff was awarded money interplead into Court which was inadequate. Therefore, she is an underinsured motorist for purposes of Alabama law.")).

[3] Instead, Plaintiff only alleges that she is "legally entitled" to recover from Defendant. (See Doc. 39 at 2, ¶¶ 6-7 ("Plaintiff is legally entitled to recover UIM benefits in excess of $75,000 . . . Plaintiff is legally entitled to UIM benefits from Defendant in excess of $75,000 because her recovery in the interpleader action is inadequate for compensatory and punitive damages.")).

4

that Plaintiff has failed in this regard.  However, in exercise of its discretion, the Court will allow Plaintiff one more opportunity to state her claim appropriately by agreeing to the elements of the claim in the Joint Pretrial Document to be filed pursuant to the Court's "Standing Order Governing Final Pretrial Conference."[4]   The Court finds that Defendant will not be unduly prejudiced by this last chance at amendment, as the issue of uninsured/underinsured motorist coverage as it relates to this case has been clearly set out in the Court's Order on summary judgment (Doc. 38).

Accordingly, it is **ORDERED** that the motion to dismiss (Doc. 40) is **DENIED without prejudice**.

**DONE** and **ORDERED** this the **6**[th] day of **June 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court typically adopts the Joint Pretrial Document as part of its final Pretrial Order. (See Doc. 9-1 at 4-5, ¶ 5).  "The pretrial order supersedes the pleadings."  Delta Health Grp. Inc. v. Royal Surplus Lines Ins. Co., 327 F. App'x 860, 867 (11th Cir. 2009) (citing Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1012 (11th Cir.1982)).